IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY, FLORIDA

KERISE POTTER,

    Plaintiff,

v.

COASTAL AUTOMOTIVE RECONDITIONING,

    Defendant.
_____/

CASE NO:
DIVISION:

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, KERISE POTTER, by and through the undersigned counsel, herby sues Defendant, COASTAL AUTOMOTIVE RECONDITIONING, and states as follows:

1. This is an action for damages in excess of $30,000.000, exclusive of attorneys' fees, costs, and interest.

2. At all times material hereto, Plaintiff, KERISE POTTER was a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant, COASTAL AUTOMOTIVE RECONDITIONING, was a corporation, with its principal business address at 70278 Gulch Street, Abita Springs LA., 70420.

4. At all times material hereto, Defendant, COASTAL AUTOMOTIVE RECONDITIONING operated, managed, owned, and did business as COASTAL AUTOMOTIVE RECONDITIONING performing auto wash, detailing and other automotive work located at Hertz-Rental Car Ln. Jacksonville, Duval County, Florida 32218.

5. At all times material hereto, Plaintiff, KERISE POTTER was an employee of Hertz Rental Car while Defendant, COASTAL AUTOMOTIVE RECONDITIONING was performing its business operations at the premises described in paragraph four (4).

6. This Court has jurisdiction as the incident occurred in Jacksonville, Duval County, Florida. and venue is proper.

7. At all times material, there was a foreign liquid substance, upon information and belief to be motor oil, on the ground directly outside the premises described in paragraph four (4) that was spilled by the Defendant.

8. At all times material, Plaintiff was walking on the premises described in paragraph four (4) when the foreign liquid spilled by the Defendant caused her to slip and fall to the ground.

9. At all times material, Defendant owed Plaintiff, and all others similarly situated, a duty of care to maintain its premises in a reasonably safe condition, and to warn of dangerous conditions that it knew of, caused or should have known existed on the property.

10. At all times material, the foreign liquid substance represented an unreasonably dangerous condition. The unreasonably dangerous condition was known to exist by Defendant, and/or had existed for a sufficient length of time such that Defendant should have known of its existence.

11. Defendant breached its duty to Plaintiff by failing to maintain its premises in a reasonably safe condition, by failing to warn of the dangerous condition that it knew or should have known existed on the premises.

12. As a direct and proximate result of Defendant, COASTAL AUTOMOTIVE RECONDITIONING's negligence, Plaintiff, KERISE POTTER suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the

enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money and/or aggravation of a previously existing condition. The injuries sustained by the Plaintiff, KERSIE POTTER are either permanent or continuing with a reasonable degree of medical and or chiropractic probability, and the Plaintiff, KERISE POTTER will suffer such losses in the future.

WHEREFORE, Plaintiff, KERISE POTTER, demands judgment for damages against Defendant, COASTAL AUTOMOTIVE RECONDITIONING, for compensatory damages, plus cost, and other relief determined by the court, and further, demands a trial by jury on all issues herein.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of March, 2021 this document was filed using the Florida Courts E-Filing Portal. This document is being served on Defendant via a private process server.

FARAH & FARAH, P.A.

/s/ *Joseph S. Miller*
**JOSEPH S. MILLER (FL Bar No. 0118811)**
Attorney for Plaintiff
10 West Adams Street
Jacksonville, FL 32202
(904) 999-4184 (telephone/facsimile)
Primary: smiller@farahandfarah.com
Secondary: jbrides@farahandfarah.com