UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KERISE POTTER,

    Plaintiff,

vs.                                     Case No. 3:21-cv-461-MMH-MCR

COASTAL AUTOMOTIVE
RECONDITIONING, LLC,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1)

1

jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On April 28, 2021, Defendant Coastal Automotive Reconditioning, LLC filed Defendant's Notice of Removal (Doc. 1; Notice)[1] asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Notice at ¶ 8. Defendant asserts that diversity jurisdiction is proper because "the Lawsuit could have been brought originally before this Court under 28 U.S.C. § 1332, by reason of complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy." Id. ¶¶ 4-8. In support, Defendant alleges that Plaintiff Kerise Potter is "a resident of Duval County, Florida," id. at ¶ 5, and Defendant Coastal Automotive Reconditioning, LLC is a single-member LLC whose "sole member, Rhyne Paul Sepcich, is a citizen of the State of Louisiana." Id. at ¶ 4. Defendant also asserts that "the

---

[1] The Court notes that the Notice does not appear to comply with the new typography requirements set forth in the recently amended Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), which took effect on February 1, 2021. See Local Rule 1.08(a)-(b). As such, the Court directs all counsel of record in this case to review the requirements set forth in Local Rule 1.08 and ensure that all future filings are in compliance.[1] Indeed, the Court cautions counsel that the amended Local Rules contain numerous, significant changes. Counsel should review the Local Rules and, to familiarize themselves with key changes, are encouraged to review the "Video Presentation on New Local Rules" available on the Middle District of Florida website at www.flmd.uscourts.gov/local-rules. Going forward, filings which do not comply with this or any other Local Rule may be stricken.

estimated amount of Plaintiff's claim is 'over $100,000.00.'" Id. at ¶ 7. Upon review of these allegations, the Court is unable to determine whether it has diversity jurisdiction over this action because Defendant has inadequately pled the citizenship of Plaintiff, and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000.[2] See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014).

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and

---

[2] The failure to adequately allege diversity jurisdiction in this case is certainly not unique. See Wilkins v. Stapleton, No. 6:17-cv-1342-Orl-37GJK, 2017 WL 11219132, at *1 (M.D. Fla. Aug. 1, 2017) ("Diversity jurisdiction appears to create the biggest pleading challenge for the Bar."). But, as aptly stated in Wilkins, the all-to-common "failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue." Id. Indeed,

> [t]he U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

Id. at *1 n.4. As such, before filing any future pleadings in federal court, counsel is strongly encouraged to review the applicable authority on federal subject matter jurisdiction. See id. at *1-2 (bulleting several "hints" on how to allege federal diversity jurisdiction properly).

3

permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Notice discloses merely the state of residence for Plaintiff, rather than her domicile or state of citizenship, the Court finds that Defendants have not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In addition, where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of

4

removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[3]

The instant case arises out of a slip and fall accident that occurred "on the ground directly outside the premises" where Defendant was "performing auto wash, detailing, and other automotive work." See Complaint at ¶¶ 4, 7-8.

---

[3] The Court notes that Dart, Dudley, and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

5

Plaintiff asserts that as a result of Defendant's negligence, she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and/or aggravation of a previously existing condition." Id. at ¶ 12. She further alleges that her injuries "are either permanent or continuing with a reasonable degree of medical and or chiropractic probability." Id. In support of removal, counsel for Defendant points to these allegations as well as the civil cover sheet, which is simply for "data collection and clerical processing purposes" and "shall not be used for any other purpose," as evidence that the instant claim satisfies the Court's amount in controversy requirement. See Notice at ¶¶ 6-8, Ex. 3.

On this record, Defendant fails to present a "plausible allegation" of the amount in controversy. Defendant's recitation of the generic, vague and categorical allegations of the Complaint, combined with a reference to the civil cover sheet, do not provide the Court with any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the nature and severity of Plaintiff's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'—only

6

through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Plaintiff's vague allegations of damages, and in the absence of any information regarding the nature of her injuries, or the cost of her subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. Without additional information regarding the citizenship of Plaintiff and the amount in controversy, the allegations presently before the Court are insufficient to invoke the Court's subject matter jurisdiction over this action.[4]

Accordingly, it is

---

[4] Carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two Eleventh Circuit cases decided in 2017. See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316-1317 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1222, 1228 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law. No party in this case acted with bad intentions, but the result was a colossal waste of time and effort. We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

7

**ORDERED**:

Defendant shall have up to and including **May 14, 2021**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on April 30, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record