**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KERISE POTTER,

    Plaintiff,

vs.                                               Case No. 3:21-cv-461-MMH-MCR

COASTAL AUTOMOTIVE
RECONDITIONING, LLC,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant's Response to Court Order (Doc. 6; Response), filed on May 14, 2021. On April 28, 2021, Defendant filed a notice of removal, seeking to remove this case from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. See generally Notice of Removal (Doc. 1; Notice). In the Notice, Defendant asserted that the Court has subject matter jurisdiction over this action because "the Lawsuit could have been brought originally before this Court under 28 U.S.C. § 1332, by reason of complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy." Id. ¶ 8. However, upon review of the Notice and the attached Complaint (see Doc. 3; Complaint), the Court was unable to determine whether it has diversity jurisdiction over this action because

Defendant inadequately pled the citizenship of the Plaintiff, and failed to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. Accordingly, on April 30, 2021, the Court entered an order (Doc. 5; Order) outlining the deficiencies in the Notice and directing Defendant to provide the Court with sufficient information so that it could determine whether it has diversity jurisdiction over this action. See generally Order. Specifically, in the Order, the Court explained that Defendant had not alleged the facts necessary to establish diversity of citizenship because the Notice and the Complaint merely disclosed Plaintiff's state of residence, rather than her domicile or state of citizenship. See id. at 4. In addition, the Court found that Defendant had not alleged sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000 because Defendant based its amount in controversy determination only on the "generic, vague, and categorical allegations of the Complaint" and the civil cover sheet. See Order at 6. On May 14, 2021, Defendant filed the instant Response, in which it purports to provide "additional information in order to determine diversity jurisdiction." See Response at 1. However, despite Defendant's inclusion of "additional information," the Court remains unable to conclude that it has subject matter jurisdiction over the instant action.[1] This is so because Defendant again fails to

---

[1] In the Notice, Defendant alleged that Plaintiff is "a resident of Duval County, Florida." See Notice at ¶ 5. The Court explained in the Order that it could not determine whether the parties to this action are diverse because Defendant failed to identify the citizenship or domicile of

-2-

allege facts sufficient to plausibly demonstrate that the amount put in controversy by the Plaintiff exceeds $75,000. Therefore, this case is due to be remanded to state court.

As noted in the Court's previous Order, a removing defendant, as the party invoking the Court's jurisdiction, "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter

---

Plaintiff. See Order at 4. In the Response, Defendant corrects its previous allegation and explains that Plaintiff is registered to vote in Florida, has a Florida driver's license, and is in fact, a citizen of Florida. See Response at ¶ 1. As such, the Court is satisfied that diversity of citizenship exists in this action.

City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754. In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id.

To support the contention the amount in controversy requirement is satisfied in this action, Defendant again relies on the civil cover sheet filed by Plaintiff in state court as well as Plaintiff's allegation in the Complaint that she "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and/or aggravation of a previously existing condition." See Response at ¶ 4-6, 12; see also Notice ¶ 6-8, Ex. 3. However, the Court previously admonished Plaintiff that the civil cover sheet is simply for "data collection and clerical processing purposes" and "shall not be used for any other purpose." See Order at 6. Additionally, in the previous Order, the Court rejected Defendant's reliance on the general categories of damages sought by Plaintiff in the Complaint. See Order at 6. The Court instructed, "Defendant's recitation of the generic, vague and categorical

allegations of the Complaint, combined with a reference to the civil cover sheet, do not provide the Court with any specific, factual information by which to determine whether Plaintiff's damages plausibly exceed the jurisdictional threshold." See id. Despite this, Defendant continues to rely on the same allegations with the addition of only one factual allegation – that "Plaintiff notified Defendant that her current medical bills related to the case, including outstanding liens, were $19,739.16." Response at ¶ 6. In an apparent effort to bridge the gap between Plaintiff's $19,739.16 in medical expenses and the jurisdictional threshold, Defendant suggests that the Court calculate the number of days that have passed since Plaintiff's injury, make an assumption about her life expectancy, and arbitrarily choose a number of dollars a jury might award Plaintiff for past and future pain and suffering damages. This attempt fails for at least two reasons. First, Defendant's calculation is entirely speculative, relying solely upon damage awards from other[2] cases. And second, while the calculation may present the amount Defendant believes a jury may award Plaintiff, it tells the Court nothing about the amount Plaintiff has put in controversy in this action. See Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 219 (11th Cir. 1997) (The Eleventh

---

[2] The Response is completely devoid of any factual allegations suggesting any similarities between the underlying facts of the instant case and those cases cited to by Defendant or any other information explaining why damage calculations in those cases are relevant for purposes of determining the amount in controversy here.

Circuit "has adopted the plaintiff-viewpoint rule" in determining the amount in controversy.). Notably, while Defendant references a pre-suit demand letter, see Response at ¶ 7, which might aid the Court in determining the amount Plaintiff is seeking, Defendant fails to disclose any information about Plaintiff's valuation of her case in the letter or any factual allegations contained in the letter that might support a finding that the value of Plaintiff's claims exceed $75,000.

In light of the foregoing, the Court determines that despite the Court's guidance and despite being given an additional opportunity, Defendant has failed to satisfactorily allege that the amount in controversy in this case exceeds the jurisdictional threshold. Accordingly, it is

**ORDERED:**

1. This case is **REMANDED** without prejudice to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida for further proceedings.[3]

---

[3] In state court, Defendant can engage in discovery pursuant to the relevant Florida Rules of Civil Procedure. If, through such discovery, Defendant ascertains that the case is one which is or has become removable, Defendant may consider filing another notice of removal, if timely, pursuant to 28 U.S.C. § 1446.

2. The Clerk of the Court is directed to transmit a certified copy of this order to the clerk of that court and to close this file.

**DONE AND ORDERED** at Jacksonville, Florida on May 25, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc28
Copies to:

Counsel of Record
Clerk, Circuit Court, Fourth Judicial Circuit,
in and for Duval County, Florida